# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| TERRENCE L. MAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| STATE FARM FIRE & | ) |
| CASUALTY INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through his attorney, and avers against the Defendant the following:

## INTRODUCTION

1. This is a Servicemembers Civil Relief Act[1] ("SCRA") case that arises from Defendant's filing and prosecution of a state court lawsuit against the Plaintiff while the Plaintiff was on Active Duty in the United States Army.

## PARTIES

2. Plaintiff is a Specialist in the United States Army, and is currently

---

1  50 U.S.C. §3901 et seq.

residing at Fort Jackson, South Carolina.

3. Plaintiff is a "servicemember" as defined by the SCRA because he is currently, and at all times relevant to this proceeding, has been serving in the United States Army.

4. Defendant is a foreign insurance company whose principal place of business is 112 E. Washington Street, Bloomington, Illinois.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter because it arises under the SCRA, a federal statute.

6. This Court has personal jurisdiction over the Defendant because the Defendant has engaged in the business of selling and providing insurance to Alabama residents for many years.

7. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

8. On July 9, 2011, the Plaintiff and a man purportedly insured by the Defendant[2] were involved in a motor vehicle collision in Tuscaloosa, Alabama.

9. On July 16, 2012, the Defendant filed a lawsuit against the Plantiff in the Circuit Court of Tuscaloosa County, Alabama, in Case No. 63-CV-2012-900591.

10. No service of process was made upon the Defendant during 2012.

11. On January 7, 2013, the Plaintiff began his period of active duty in the United States Army.  See the Dept. of Defense Manpower Data Center Status Report attached as Exhibit A.

---

2  Based on the information in the state court lawsuit the Defendant filed against the Plaintiff, this individual is a man going by the name of "Ricky Skelton."

12. The Plaintiff is still on active duty in the U.S. Army, and has continually been on active duty since January 2013.

13. On February 14, 2013, the Defendant filed an Alias Summons to make another attempt at service of process on the Plaintiff in Alabama.

14. That service attempt also failed, because the Plaintiff was at that point in South Carolina due to his military service.

15. On May 8, 2013, the Defendant filed a Motion for Service by Publication with the state court, in which the Defendant alleged that it was unable to determine the Plaintiff's location or place of employment.  A copy of this Motion is attached as Exhibit B.

16. This motion was granted the following day.

17. On July 22, 2013, the Defendant filed a Motion for a Default Judgment against the Plaintiff.  A copy is attached as Exhibit C.

18. A default judgment was entered against Mr. May in the amount of $35,984.94 plus court costs.

19. At no point before this judgment was entered did the Plaintiff have any knowledge of the lawsuit against him.

20. Furthermore, the the Plaintiff had numerous valid defenses which could have protected him from any liability in the state court case.

21. The Default Judgment Motion contained an affidavit, but this affidavit did not state whether or not the Defendant was in military service.

22. Nor did the affidavit state whether or not the Plaintiff was unable to determine whether or not the Defendant was in military service at that time.

23. 50 U.S.C.App. §521 requires that in any civil action, the plaintiff seeking a default judgment make an affidavit stating whether or not the state court defendant is in military service, or state that the plaintiff is unable to determine whether or not such defendant is in military service.you and just just a hearing is set for May 23 you have

to be there if you want to

24. No affidavit required by the Act was filed. <u>Sprinkle v. SBC Ltd.</u>, 472 F.Supp.2d 1235 (W.D. Wash. 2006).

25. The affidavit filed in the Motion for Service by Publication was false, in that the Plaintiff's military service status could have easily been ascertained by a simple search of the DMDC website.

26. Filing false affidavits are also a violation of the SCRA.

27. Using this false and legally inadequate affidavit, the Defendant obtained a judgment for over $35,000 against the Plaintiff.

28. The Defendant was only able to do so by blatantly violating the Plaintiff's rights as a military servicemember.

29. This has caused the Plaintiff damage in numerous ways, including, but not limited to:

   (a) Lost money and out of pocket expenses;

   (b) Lost credit opportunity;

   (c) Preventing and/or delaying his purchase of a home for himself and his family;

   (d) Embarrassment and reputational harm;

   (e) Emotional distress;

   (f) Court costs and attorneys' fees incurred in addressing this matter before the state courts.

30. A soldier whose rights under the SCRA are violated is entitled to recover "all appropriate relief, including monetary damages," as well as costs and attorneys' fees. *50 U.S.C. app. § 597a.*

31. The Defendant has violated the Plaintiff's SCRA rights, and is therefore liable to the Plaintiff for all damages caused as a result.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court award the Plaintiff a judgment for the following:

- A) Actual damages arising from the Defendant' violations of the Servicemembers Civil Relief Act;
- B) Costs, expenses, and reasonable attorneys fees incurred in bringing this action;
- **C) A trial before a struck jury;**
- D) For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 26th Day of April, 2017.

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com